IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS,
DALLAS DIVISION

| | | |
|---|---|---|
| JOE M. FULBRIGHT, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No: 3:20-cv-02392-BK |
| | § | |
| UNION PACIFIC RAILROAD COMPANY, | § | |
| | § | |
| Defendant. | § | |

**REPLY IN SUPPORT OF PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

Plaintiff Joe Fulbright submits the following Reply, addressing Defendant's response to his motion for summary judgment. Because Defendant has not identified specific issues of genuine, material facts, Plaintiff's motion should be granted. Regarding the three defenses addressed in Plaintiff's motion, Defendant has failed to come forward with any evidence that would justify the need for a trial on these issues, and they should be dismissed.

**Argument and Authorities**

**I. Plaintiff's first cause of action is proved as a matter of law.**

Plaintiff moved for summary judgment based on direct evidence, which is supported by the evidence, so there is no need to address Defendant's contention that the McDonnell Douglas analysis should be applied. Under the direct evidence analysis, Plaintiff had proved all elements and all facts required to support summary judgment in his favor on his claim for disabilities discrimination.

**A. There is direct evidence of disabilities discrimination**

"Direct evidence is evidence that shows a specific link between the discriminatory animus and the adverse employment action, which is sufficient for a reasonable jury to find that an illegitimate criterion actually motivated the adverse employment action." *EEOC v. Crain Auto. Holdings LLC*, 372 F.Supp. 3d 751, 754 (E.D. Ark, 2019). In *Crain*, a supervisor said the termination was due to plaintiff's health, which the court found to be direct evidence of discrimination because of disability. The evidence in the present case is even more directly linked to Plaintiff's disability and easily meets the definition of direct evidence.

Defendant appears to argue that direct evidence exists only when there is proof the decision-maker was "acting based on prejudice." Def's Brief at 15. This is incorrect – direct evidence exists when, as in this case, the decision-maker admits it made the decision because of plaintiff's disability. *Rizzo v. Children's World Learning Centers, Inc.*, 84 F.3d 758, 762 (5th Cir. 1996); *Breaux v. Bollinger Shipyards, LLC*, No. 16-2331, 2018 U.S. Dist. LEXIS 116351, at *30 (E.D. La. Jul. 5, 2018).

The elements of proof required to win summary judgment on a disability discrimination claim correlate to the elements of the prima facie case under the *McDonnell Douglas* analysis. Defendant's Response and its supporting evidence fail to show a genuine issue of material fact on any of these elements.

**B. The evidence proves an actual disability**

Fulbright's history, and his past experience with insomnia, are relevant to show that he had the impairment that he now relies on as the actual disability on this case. But Fulbright did not stop there, he also explained that in 2015 his impairment was still substantially limiting without the beneficial effect of mitigation measures. Fulbright explained how he knew the

insomnia was still substantially limiting in 2015 – when he skipped taking Trazodone: "On most of those nights, would have trouble sleeping similar to what I experienced before I started taking Trazodone in 2009, and I would have some of the fatigue and concentration problems that I had before I started taking Trazodone." *See* Doc. 90 at 152-3 (Fulbright Declaration ¶ 16). Defendant has no evidence, medical or otherwise, to dispute these facts.

Instead, Defendant disputes actual disability by trying to rebut an argument Plaintiff is not making. Plaintiff does not contend the side effects of Trazodone were a disability, he contends the disability was insomnia.

In short, Defendant's evidence and arguments to not show a genuine issue of material fact whether Fulbright has an actual disability.

**C. The evidence proves a record of disability**

Based solely on the documents before him, the record, Charbonneau concluded Fulbright was not fit for duty and had to be immediately pulled out of service. *See* Doc 90 at 53 (Charbonneau's notes in the Medical Comments History), and at 8-12 (his deposition testimony). Charbonneau later decided, again based on the record available to him, that Fulbright's disability and the medication he took to treat it justified permanent work restrictions that caused Fulbright to lose his job. *See* Doc. 90, pp. 46-7 (Medical Comments History) and pp. 16, 24-26, and 35-37 (deposition testimony). If the record did not demonstrate a substantially limiting impairment, there would have been no reason for Charbonneau to take the actions he did, and Defendant has not shown any evidence which a jury would need to consider to resolve the "record of" issue.

**D. The evidence proves a regarded as disability**

Defendant's argument on this issue conflates the "regarded as" analysis with the "because of disability" issue. The statute and case law are clear – if the plaintiff shows the employer was

aware of an impairment, the plaintiff has established a disability under the regarded as prong of the definition. *See* page 20 of Plaintiff's Brief.

A plaintiff must still show the adverse action was taken because of the impairment in order to prove his claim, but that is a separate issue. On the question of "regarded as," Defendant fails to show aby genuine issue of material fact.

**E. The evidence proves Plaintiff was qualified**

Fulbright was not on call unless he volunteered to be. He did his job well, and he did it safely, for roughly six years after he began taking Trazodone for his insomnia. Defendant has not presented any evidence contradicting these facts.

Regarding the four cases cited on pages 21-22 of Plaintiff's Brief, Defendant perhaps misunderstands the point of these citations. Plaintiff cited these cases only for the proposition that an employee's past performance is legitimate and acceptable evidence when offered to show he is qualified to perform the essential functions and do so safely. Defendant does not dispute that Plaintiff was qualified, with or without accommodation, to perform the essential functions and do so safely.

Plaintiff therefore requests summary judgment as a matter of law on the question of being qualified.

**F. The evidence proves two adverse employment actions because of disability**

Defendant does not dispute the facts concerning the two adverse actions in question: (1) Fulbright was involuntarily pulled from service in February 2015 and placed on unpaid medical leave; and (2) the work restrictions imposed in June 2015 cause Plaintiff to lose his job, the functional equivalent of a termination.

Likewise, Defendant does not dispute the fact that Charbonneau took these actions because of his safety concerns about the disability and the medication Fulbright took for it. There is no question for a jury on this element of Plaintiff's case.

## II. There is nothing for a jury to decide on mitigation, direct threat, or undue hardship

### A. There is no question of fact regarding the mitigation affirmative defense

Fulbright looked for work, and the evidence explains why he was unsuccessful. In this posture, to raise a question of fact on its affirmative defense, Defendant has to show there was one or more similar jobs available that Fulbright could have applied for, and Defendant has shown no such evidence.

Defendant argues that BNSF has *entry-level* positions (plural) open, Def's Brief at 23, but Defendant presents only hearsay evidence of one job, an Intermodal Equipment Operator, with no evidence whether the position was anything like the job Fulbright had a Union Pacific. Union Pacific also speculates that surely there must have been a job at Union Pacific he would have qualified for, which is not the same as showing actual proof of jobs that were similar. If there were such jobs, it was Union Pacific's burden to present the evidence regarding the jobs for the summary judgment record, but there is no such evidence.

Because Defendant has not met its burden of proof and has not shown a question of fact for the jury on mitigation, the Court should dispose of this issue by granting summary judgment dismissing this affirmative defense.

### B. There is no question of fact on direct threat

The instructions on direct threat in the Fifth Circuit Pattern Jury Charge show that there is no evidence to support this defense. The instructions state, in relevant part:

> A direct threat means a significant risk of substantial harm to the health or safety of Plaintiff [name] or others in the workplace that could not be eliminated or reduced by a reasonable accommodation.
>
> To prove that Plaintiff [name] posed a direct threat, Defendant [name] must prove that it performed an individualized assessment of Plaintiff [name]'s present ability to safely perform the essential functions of the job.
>
> In determining whether Plaintiff [name] posed a direct threat, you should consider: (i) how long the risk will last; (ii) the nature and severity of the potential harm; (iii) how likely it is that the harm will occur; and (iv) the likely time before the potential harm occurs. Defendant [name] must also prove that no reasonable accommodation could be made that would eliminate or reduce the risk so that it was no longer a significant risk of substantial harm.

Fifth Circuit PJC, section 11.12.C (Charge for Direct-Threat Defense) (footnotes omitted).

There is no evidence that would allow a jury to find Defendant conducted an individualized assessment of Fulbright. Furthermore, Charbonneau admitted he never determined how likely it was that some harm would occur: "I can't tell you there was that kind of science applied to the decision-making, no." *See* Doc. 90 at 33.

Because there is no evidence that would support a finding in Defendant's favor on direct threat, summary judgment on this defense.

**C. There is no evidence of undue hardship**

As stated in Plaintiff's Brief, this is an affirmative defense, and Defendant has not presented any evidence concerning the alleged hardship. There is no need to complicate the trial of this case by including this issue, and Plaintiff therefore requests summary judgment in his favor on the affirmative defense.

## III. Defendant's evidentiary objections should be overruled or disregarded

### A. The sham affidavit objection

Defendant has not identified any material conflict between Fulbright's declaration and his deposition testimony, nothing that would create a fact question for a jury. There is therefore no need for the Court to sift through Defendant's Response to locate immaterial conflicts subject to this objection, and it should be overruled.

### B. The transcripts are properly authenticated

Authentication of evidence is not a demanding standard. Rule 901 of the Federal Rules of Evidence states: "To satisfy the requirement of authenticating or identifying an item of evidence, the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is." Fed. R. Evid. 901(a). The four digital recordings were produced to Defendant, and Fulbright's Declaration authenticates the transcripts of the conversations. *See* Doc. 90 at 156.

The transcripts identify each speaker, and Fulbright's Declaration confirms that the transcripts "are true and accurate written texts of the words spoken during each of the respective calls." Doc. 90 at 156. This Court has found a recording to be properly authenticated based on similar evidence, in a criminal proceeding where the safeguards for the accused are generally higher than in civil case. *See Brown v. Thaler*, No. 3:12-CV-1262-L-BK, 2013 U.S. Dist. LEXIS 96319, at *10 (N.D. Tex. Apr. 4, 2013) (finding authentication sufficient where the witness recognized the voices). This objection should therefore be overruled.

### C. Fulbright and Ozuna have not offered any expert opinions

Fulbright and Ozuna do not give any opinions, expert or otherwise, about the side effects of a medication. Ozuna only testifies about his own observations and experiences regarding

Fulbright's overt actions and behaviors, without once mentioning some possible side effect of medication. Fulbright likewise testifies about objective facts, but also his own perceptions and feelings about his condition. A plaintiff is qualified to testify about facts of which they have personal knowledge, and the testimony here is based on personal knowledge.

Defendant's objection is misplaced. Furthermore, Defendant does not identify a specific statement or sentence it seeks to exclude based on its objection. For these reasons, the objection should be overruled and the evidence allowed.

WHEREFORE, for the foregoing reasons, Plaintiff requests entry of summary judgment in his favor on his first cause of action, disabilities discrimination in violation of 42 U.S.C. § 12112(a), and summary judgment disposing of the three defenses as discussed above and in Plaintiff's initial brief.

Respectfully submitted,

/s/ Donald E. Uloth

Donald E. Uloth
Law Office of Donald E. Uloth
Texas Bar No. 20374200
18208 Preston Rd. Suite D-9 # 261
Dallas, Texas 75252
Phone: (214) 989-4396
Email: don.uloth@uloth.pro
Counsel for Plaintiff

CERTIFICATE OF SERVICE

On October 1, 2021, I served a copy of this document to Heather M. Miller, counsel for Defendant, by email to hmiller@constangy.com, and to Robert L. Ortbals, Jr., counsel for Defendant, by email to rortbals@constangy.com.

/s/ Donald E. Uloth
Donald E. Uloth